UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL JAMES GOFF,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 8:19-cv-1185-T-AEP

ANDREW M. SAUL,
Commissioner of Social Security,

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of his claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.**　**Procedural Background**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 205-220). The Social Security Administration ("SSA") denied Plaintiff's claims both initially and upon reconsideration (Tr. 66-124, 127-44). Plaintiff then requested an administrative hearing (Tr. 145-46). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 25-43). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 7-24). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 201-04). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1974, claimed disability beginning January 24, 2014 (Tr. 205).[1] Plaintiff completed one year of college (Tr. 235). Plaintiff's past relevant work experience included work as a pharmacy technician; doughnut maker; stock clerk, retail; sales clerk, food; grocery bagger; sales clerk, retail; and a counter attendant (Tr. 39, 235). Plaintiff alleged disability due to diabetes, chronic back spasms, sleep apnea, high blood pressure, cellulitis, neuropathy, mental issues, vascular surgery, and chronic obstructive pulmonary disorder ("COPD") (Tr. 234).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2014 and had not engaged in substantial gainful activity since January 24, 2014, the alleged onset date (Tr. 12-13). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: diabetes, obesity, COPD, left knee osteoarthritis, and neuropathy (Tr. 13). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform sedentary work, except that Plaintiff could lift up to 10 pounds occasionally; stand or walk for approximately two hours per eight-hour workday; sit for approximately six hours per eight-hour workday with normal breaks; could occasionally balance, stoop, crouch, kneel, crawl, and climb ladders, ropes, scaffolds, ramps, or stairs; should avoid concentrated exposure to hazards; and should avoid concentrated exposure to irritants, such as fumes, odors, dusts, and gases (Tr. 14-15). In

---

[1] The application for SSI indicates an alleged onset date of September 9, 2009 (Tr. 212), but the application for DIB and the ALJ's decision use the alleged onset date of January 24, 2014 (Tr. 13, 205).

formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 15).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 17). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as an order clerk, food and beverage; a call-out operator; and a charge account clerk (Tr. 18-19). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 19).

## II.

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.  These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R.

§§ 404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th

4

Cir. 2004) (citation omitted). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (*per curiam*) (citations omitted).

### III.

Plaintiff argues that the ALJ erred at step four of the sequential evaluation process by failing to comply with Social Security Ruling ("SSR") 16-3, which pertains to the evaluation of symptoms. Specifically, Plaintiff contends that the ALJ failed to properly consider the need for Plaintiff to elevate his legs above waist level during the day; whether Plaintiff would experience daytime somnolence; Plaintiff's difficulties sitting in a chair with arms, given his obesity, or a chair with no back, given his back pain; and whether Plaintiff's sleep apnea would cause limitations with concentration, persistence, and pace. In support, Plaintiff cites only to his testimony at the administrative hearing but fails to point to any evidence in the record that supports his contentions regarding the limitations of his sleep apnea and obesity. The Commissioner, in turn, asserts that the ALJ sufficiently considered all of Plaintiff's subjective complaints and limitations in formulating Plaintiff's RFC and that substantial evidence supports the ALJ's decision.

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545, 416.920(a)(4)(iv), 416.945. To determine a claimant's RFC, an ALJ makes an assessment based on all the relevant evidence of record as to what a claimant can do in a work setting

despite any physical or mental limitations caused by the claimant's impairments and related symptoms.  *See* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).  In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and will consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each.  20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").  In doing so, the ALJ considers evidence such as the claimant's medical history; medical signs and laboratory findings; medical source statements; daily activities; evidence from attempts to work; lay evidence; recorded observations; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; the type, dosage, effectiveness, and side effects of any medication or other treatment the claimant takes or has taken to alleviate pain or other symptoms; treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; any measures the claimant uses or has used to relieve pain or symptoms; and any other factors concerning the claimant's functional limitations and restrictions.  SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017); SSR 96-8p, 1996 WL 374184 (July 2, 1996); 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 404.1545(a)(3), 416.929(c)(3)(i)-(vii), 416.945(a)(3).

In addition to the objective evidence of record, the Commissioner must consider all of the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective evidence and other evidence.  *See* 20 C.F.R. §§ 404.1529(a), 416.929(a).  To establish a disability based on testimony of pain and other symptoms, the claimant must show evidence of an underlying medical condition and either (1) objective medical evidence confirming the severity of the alleged symptoms or (2)

that the objectively determined medical condition can reasonably be expected to give rise to the alleged symptoms.  *Wilson*, 284 F.3d at 1225 (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991)); *see* 20 C.F.R. §§ 404.1529, 416.929.  When the ALJ discredits the claimant's subjective testimony, the ALJ must articulate explicit and adequate reasons for doing so.  *Wilson*, 284 F.3d at 1225 (citation omitted).  A reviewing court will not disturb a clearly articulated finding regarding a claimant's subjective complaints supported by substantial evidence in the record.  *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*) (citation omitted).

During the administrative hearing, Plaintiff provided testimony regarding his sleep apnea and obesity and the limitations he experienced relating to those impairments.  Plaintiff testified that he experienced problems with sleepiness during the day and fell asleep "pretty often" and "pretty much all day" for 30 minutes or up to two hours (Tr. 32-33).  According to Plaintiff, he woke up every hour to go to the bathroom and went back to sleep without the CPAP machine, which had recently broke, but Plaintiff acknowledged that he slept better with the CPAP machine (Tr. 32-33).  Plaintiff further testified that he is approximately 5'7" and weighs around 421 or 422 pounds, thus rendering him obese (Tr. 33).  Plaintiff indicated that he could only sit in one place for about 30 minutes before he needed to move around because his legs would fall asleep, start to hurt, and swell (Tr. 34).  To reduce the swelling, Plaintiff stated that he was supposed to keep his legs elevated above his chest (Tr. 35).  With regard to sitting limitations, Plaintiff testified that he experienced difficulty sitting on a chair without a back, such as a stool, for more than five to 10 minutes because of his back pain; he experienced difficulty sitting in chairs with arms on the side; and a job with alternating sitting on a stool and standing would be difficult because his legs became worn out after standing for 10 or 15 minutes (Tr. 37).

In rendering the decision, the ALJ properly considered Plaintiff's sleep apnea and obesity and the corresponding limitations stemming from each (Tr. 13-16).  At step two, the ALJ determined that Plaintiff's obstructive sleep apnea did not constitute a severe impairment as it did not cause Plaintiff more than minimal functional limitations (Tr. 13).  In addition, the ALJ considered Plaintiff's limitations in his ability to concentrate, persist, or maintain pace and concluded that Plaintiff maintained only mild limitations (Tr. 13).  As the ALJ indicated, Plaintiff contended that he experienced limitations in focusing generally, but Plaintiff also stated that he could drive, prepare meals, play games, and handle his own medical care (Tr. 13, 29-37, 250-57).

At step three, in accordance with SSR 02-1p, the ALJ considered Plaintiff's obesity and its potential for causing or contributing to other impairments (Tr. 14).  In doing so, the ALJ found that the musculoskeletal examinations revealed no significant abnormalities, including the following: motor strength, sensation, and reflexes were grossly intact and there were no neurological deficits; cardiovascular examinations showed no murmurs, gallops, or rubs; and the lungs were clear bilaterally to auscultation and percussion (Tr. 14).  Accordingly, the ALJ concluded that the evidence indicated few, if any, significant findings related to Plaintiff's obesity and noted that the limitations described in the RFC included consideration of Plaintiff's obesity (Tr. 14).

Thereafter, at step four, the ALJ determined that Plaintiff maintained the ability to perform a reduced range of sedentary work (Tr. 14-15).  In making that determination, the ALJ specifically referenced and considered Plaintiff's testimony regarding his sleep apnea, difficulty sleeping at night with the corresponding daytime somnolence, and difficulty sitting and standing for extended periods of time due to lower extremity issues (Tr. 15).  The decision reflects that the ALJ considered the objective evidence of record and medical opinion in

conjunction with Plaintiff's subjective complaints and symptoms, including with respect to the sleep apnea and lower extremity issues, in determining that Plaintiff's statements regarding the intensity, persistence, and limiting effects were not entirely consistent with the medical evidence and other evidence of record (Tr. 14-17). By way of example, the ALJ pointed to Plaintiff's testimony regarding ongoing problems with his lower extremities and indicated that the evidence revealed no gait abnormalities, a wide range of daily activities performed by Plaintiff, and other inconsistencies between the treatment records and Plaintiff's allegations (Tr. 15-17).

For instance, as the ALJ discussed, with regard to the need to elevate the legs to reduce swelling, Plaintiff reported in March and April 2014 that his symptoms of aching, burning, pain, and swelling in the legs had not been relieved by diuretic therapy, elevating the legs, over-the-counter medication, exercise, or a compression stocking (Tr. 16, 319-21). Notwithstanding the noted complaints, Plaintiff demonstrated normal gait, station, and posture upon examination in March 2014 (Tr. 16, 319-21). Furthermore, although Plaintiff certainly experienced swelling of the lower extremities on a number of occasions, several treatment records indicate that Plaintiff likewise demonstrated mild, minimal, or no swelling of the lower extremities upon examination (Tr. 15-17, 338, 344-45, 351-52, 357-58, 374, 376, 379, 421-22, 426, 431, 447, 468, 472, 477, 481, 564). Plaintiff's statements regarding the need to elevate the legs above the chest for extended periods of time on a daily basis therefore do not find support in the record. Plaintiff's statements regarding the effects of his sleep apnea similarly lack support in the record. Namely, treatment records from November 2014, March 2015, and April 2016 show physical examinations within normal limits and indicate that Plaintiff's daytime symptoms and energy level consistently improved with proper use of the CPAP machine (Tr. 16, 373-79). Finally, as to any purported limitations sitting in a chair due to weight and back issues, Plaintiff

points to nothing in the evidence of record that supports such limitations or that details any issues with Plaintiff's ability to sit in a chair. As a result, the ALJ did not err in failing to directly address such limitation. Rather, the ALJ's decision reflects a thorough and proper analysis of all of Plaintiff's impairments and limitations, including consideration of Plaintiff's complaints of pain and other symptoms in accordance with SSR 16-3p. For the foregoing reasons, therefore, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 21st day of September, 2020.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record